IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


RAYMOND G. PADILLA,

      Plaintiff,

   -vs-                                             No. CIV 98-0186 JC/LFG

DAVIS SELECTED ADVISORS, L.P.,
VENTURE ADVISERS, INC., CARL R. LUFF,
and ANDREW A. DAVIS,

      Defendants.

---

**MEMORANDUM OPINION AND
ORDER OF REMAND**

---

THIS MATTER came on for consideration of Plaintiff's Motion for Remand (Docket No. 17). The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken and will be granted.

Plaintiff originally filed this action in the First Judicial District Court of the County of Santa Fe, State of New Mexico. On February 13, 1998, a Notice of Removal was filed by "Defendants Davis Selected Advisors, L.P. and Venture Advisors, Inc.," which recited that *"Defendant Carl R. Luff concurs in the removal of this action."* Totally absent from the notice of removal is any indication Defendant Andrew A. Davis ("Davis") joined in removal of the complaint

to federal court. The failure of Davis to timely consent to removal constitutes the sole ground on which Plaintiff seeks remand of this action to state court.[1]

Although the removal statute, 28 U.S.C. § 1446, does not expressly state that all defendants must join in the notice of removal, this requirement is well-established in the law. See Gableman v. Peoria, D. & E. Ry. Co., 179 U.S. 335, 337 (1900).

> [W]hile it may be true that consent to removal is all that is required under Section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but **there must be some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.** Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant.

See Getty Oil Corp., Inc. v. Insurance Co. of North America., 841 F.2d 1254, 1262 n.11 (5th Cir.1988) (emphasis added). In order to perfect removal under this "rule of unanimity," all defendants must join in the notice of removal or otherwise consent to removal within the thirty-day period set forth in 28 U.S.C. § 1446(b).[2] Id. at 1262-63.

Davis, as president of the defendant corporation which is the general partner of the defendant partnership, authorized attorneys representing the defendant businesses to seek removal. Davis

---

[1] Plaintiff has not raised another arguable defect in the removal notice. Although the notice indicates that Defendant Luff consented to removal, neither Luff nor his attorney filed a written document of consent. "It is simply not enough that the removing party represents that the other defendants consent or do not object to the removal . . . . '[O]ne defendant's attempt to speak on behalf of another defendant will not suffice.'" Henderson v. Holmes, 920 F. Supp. 1184, 1187 (D. Kan. 1996) (quoting Landman v. Borough of Bristol, 896 F. Supp. 406, 409 (E.D. Pa. 1995); see also Moody v. Commercial Ins. Co. of Newark, N.J., 753 F. Supp. 198, 200 at n.6 (N.D. Tex. 1990) (" [Rule 11] may very well subject the signer of the pleadings to sanctions for failing to adequately investigate the factual allegations contained therein, [but it] does little in the way of binding the allegedly consenting co-defendant to the removal action").

[2] There are three exceptions to the rule: (1) where a defendant was not yet served with process at the time the removal petition was filed; (2) where a defendant is merely a nominal or formal party-defendant; and (3) where the removed claim constitutes a separate and independent claim under 28 U.S.C. § 1441(c). See Moody, 753 F. Supp. at 200. Only the second exception is raised by Defendants.

states, "I believe I authorized and consented to removal on behalf of myself, the partnership and the corporation." Davis Aff. at ¶ 4.  However, "[e]ach party must **independently and unambiguously** file notice of its consent and its intent to join in the removal within the thirty-day period." Henderson v. Holmes, 920 F. Supp. 1184, 1187 (D. Kan. 1996) (emphasis added).  Indeed, the preparer of the notice of removal in this case intentionally chose to omit Davis from joining in the removal.  The attorney representing both defendant businesses and Davis testified that, "**I did not join Andrew A. Davis in the notice of removal** because he was not Mr. Padilla's employer and therefore not a proper party to Mr. Padilla's Title VII claim which established the basis for federal court jurisdiction." Hart Aff. at ¶ 5 (emphasis added).

With this apparent concession that Davis did not join in the notice of removal, Defendants counter that Davis was sued only in his "official capacity as president" and, therefore, is a "formal or nominal" party whose consent to removal was not required.[3]  To qualify for the nominal party exception, however, there must be no reasonable basis for predicting the defendant's individual liability.  See Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349, 427 F.2d 325 (5th Cir. 1970).

Davis correctly states that he, as a supervisor but not the employer, cannot be held individually liable on the Title VII claim.  See Haynes v. Williams, 88 F.3d 898 (10th Cir. 1996). Without any citation to authority, he asserts that the New Mexico Human Rights Act similarly precludes imposing individual liability on a supervisor.  Magistrate Judge Richard L. Puglisi, sitting

---

[3] The notice of removal in this case offered no explanation of Davis' failure to join in the notice. The Court would note that "where the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e.g., that he is a nominal party or was not served . . . ." 1A Moore's FEDERAL PRACTICE ¶ 0.168 (3-4).

by designation, addressed this precise issue and found to the contrary.  See Sanchez v. Mora-San Miguel Elec. Coop., Inc., No. CIV 96-1430 RLP/WWD, Memo. Op. (D.N.M. March 24, 1997) (attached to this opinion).

I join the Honorable Bruce Black, District Judge, in adopting the rationale of Magistrate Judge Puglisi's very persuasive opinion.  See Sieben v. City of Albuquerque, No. CIV 96-1822 BB/LFG, Memo. Op. and Order Revising Op. of June 23, 1997 (D.N.M. Nov. 21, 1997). [https://www.nmcourt.fed.us/dcnm/96cv01822/1.pdf ].  Thus, I find that Davis has failed to show that he could not be held individually liable on all causes of action set forth in the complaint.  Because he does not qualify as a nominal party, he was required to individually join in the removal of this action to federal court.

Finally, Defendants contend that Davis' failure to "formally" consent to removal in the notice is a simple technicality that can be cured by his desire to now give and file a written consent to remove.  Contrary to Defendants' position, Davis' consent cannot be implied merely because he filed a joint answer with co-defendants who had expressly sought removal and is represented by the same counsel.  See Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997).  Davis' failure to unambiguously consent to removal within the 30-day period dictated by §1446(b) constitutes a waivable, non-jurisdictional defect; nonetheless, it is "a procedural defect that is strictly enforced."  Henderson, 920 F. Supp. at 1187.  The removal statute does not indicate that a district court has discretion to ignore failures to comply with procedures dictated by Congress.  See Spillers v. Tillman, 959 F. Supp. 364, 368 (S.D. Miss. 1997).

> [T]he view that technical flaws in a removal petition 'can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can--and should--be invoked.'  Fellhauer v. City of Geneva, 673

  F. Supp. 1445, 1449 (N.D. Ill. 1987). These considerations are certainly more substantive than the simplistic notion that procedural flaws should be overlooked merely because they are procedural.

Id. at 373.

  Wherefore,

  IT IS ORDERED that Plaintiff's Motion for Remand (Docket No. 17), is hereby **granted**.

Pursuant to 28 U.S.C. § 1447(c), this action is remanded in its entirety to the First Judicial District Court, County of Santa Fe, State of New Mexico.

  DATED this 8th day of May, 1998.

              */s/ John E. Conway*
              **CHIEF UNITED STATES DISTRICT JUDGE**

For Plaintiff:

  Judith C. Herrera
  Herrera, Long & Pound, P. A.
  Santa Fe, New Mexico

For Defendants Davis, Davis Selected Advisors,
L.P., and Venture Advisors, Inc.:

  Holly A. Hart
  Scheuer, Yost, Patterson & Hart, P. C.
  Santa Fe, New Mexico

For Defendant Luff:

  Duane C. Gilkey
  Charles R. Weese
  Gilkey, Stephenson & Weese, P. A.
  Albuquerque, New Mexico

([return to opinion](#))   THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RITA SANCHEZ,   FILED:  March 24, 1997

     Plaintiff,

vs.   CV-96-1430 RLP/WWD

MORA-SAN MIGUEL ELECTRIC COOPERATIVE, INC.; SUSANO F. ORTIZ; H. FELIX VIGIL; JOANN MARTINEZ; JOSEPH C DE BACA; ELIAS DURAN, JR.; CARLOS LOVATO; HERMAN LUJAN; MARCELINO ORTIZ; DAMACIO RIVERA; FRANK ROYBAL; FRANK C. TRAMBLEY; and ERNESTO GONZALEZ, Individually and in Their Official Capacities,

     Defendants.

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendants' February 27, 1997 Motion to Dismiss all individual Defendants from the complaint, and to further dismiss Counts II through IV of the Complaint as to Defendant Mora-San Miguel Electric Cooperative.[4] (Doc. 12). The Court has reviewed the submissions of the parties and the relevant law, and for the reasons set forth below, finds that Defendants' motion should be GRANTED IN PART and DENIED IN PART.

**I.     FACTS AND PROCEDURAL HISTORY.**

Plaintiff is a former employee of Defendant Mora-San Miguel Electric Cooperative, Inc. ("Cooperative" herein) [Complaint, Introductory Paragraph].  The individual defendants are an

---

[4]Defendants' Motion seeks dismissal of Counts II, III and IV.  Defendants' memorandum additionally requests dismissal of Count V.  Both parties briefed the issues inherent in Count V - whether or not Plaintiff's claims based upon independent state law torts should be heard.  Accordingly, a discussion of the claims of Count V will be included in this opinion.

employee and members of the board of trustees of the Cooperative. [Complaint ¶¶ 4,5]. Plaintiff has filed suit against the Cooperative and the individual defendants alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. §2000e et seq. ("Title VII" herein), violation of the New Mexico Human Rights Act, N.M.Stat. Ann. §28-10-1(1996 Repl.) et seq., (NMHRA herein) and the state law tort of wrongful and retaliatory breach of her employment.

Plaintiff filed a complaint alleging sexual discrimination in violation of Title VII and the NMHRA with the New Mexico Human Rights Commission on or about April 12, 1995. [Complaint, ¶ 7]. That matter was settled. [Id.]. Thereafter, she filed a second complaint with the New Mexico Human Rights Commission and the EEOC on December 27, 1995 claiming that she had been placed in adverse working conditions due to retaliation against her for making the original complaint, or because of her sex, or both. [Complaint ¶¶ 8, 9]. On July 3, 1996, the New Mexico Human Rights Division issued a notice of probable cause of retaliation in working conditions stemming from the original complaint. [Complaint ¶ 10]. On September 17, 1996, the New Mexico Human Rights Division issued a waiver of hearing, pursuant to N.M.Stat.Ann.§21-1-10(J) (1996 Repl.), permitting the filing of a Complaint under the NMHRA. [Complaint ¶ 12]. On September 30, 1996, the EEOC issued a notice of right to sue. [Complaint ¶ 11]. In the meantime, Plaintiff was summarily terminated from her job on September 3, 1996, when her position of systems engineer was abolished. [Complaint ¶ 13].

Plaintiff filed this federal action on October 17, 1996. Her complaint alleges five causes of action against all defendants:

Count I: Discrimination based upon sex or in retaliation for filing her original complaint with the New Mexico Human Rights Division in violation of Title VII;

Count II: Discrimination based upon sex or in retaliation for filing her original complaint with the New Mexico Human Rights Division in violation of the NMHRA;

Count III: Abolition of her job as a result of unlawful discrimination based upon sex and/or as a result of unlawful retaliation in violation of Title VII ;

Count IV Abolition of her job in violation of the NMHRA;

Count V Termination from her job as a result of wrongful and retaliatory breach of her employment.

Defendants' Motion to Dismiss raises three basic claims:

(1) Neither Title VII nor the NMHRA permit claims against the individual defendants in their individual capacities;

(2) No pendent federal jurisdiction exists over Plaintiff's state law claims of violation of the NMHRA or the independent tort of wrongful and retaliatory discharge; and,

(3) The Court has no subject matter jurisdiction over Plaintiff's claim that abolition of her job resulted from discrimination based upon sex because Plaintiff has failed to exhaust applicable administrative remedies with regard to that claim.

## I I. **STANDARDS FOR MOTION TO DISMISS.**

For the purposes of a motion to dismiss, this Court must accept the material allegations of the complaint as true. Franklin v. Meredith, 386 F.2d 958, 959 (10th Cir.1967). Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must construe the pleadings liberally and, if any possibility of relief exists, should not dismiss the claim. Gas-a-Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102, 1107 (10th Cir.1973).

**III.  ANALYSIS.**

A.  Individuals Are Not Proper Parties Defendant in Claims Brought Under Title VII.

It is well settled that claims against individuals in their individual capacities are inappropriate under Title VII. Haynes v. Williams, 88 F.3d 898, 899, 901 (10th Cir. 1996). Relief under Title VII is against the employer only, not against individual employees whose actions would constitute a violation of the Act. Haynes, 88 F.3d at 899.

Accordingly, Defendants' motion to dismiss the individually named defendants from that portion of Plaintiff's claim seeking recovery under Title VII is well taken and will be granted.

B.  Individual Defendants May Be Proper Parties in Claims Based on Violation of the New Mexico Human Rights Act; However, Plaintiff Has Not Alleged nor Established That She Has Exhausted the Administrative Remedies Which Would Permit Proceeding Against the Individual Defendants.

Defendants assert that claims against the individual defendants are prohibited under the NMHRA, arguing that since the NMHRA was patterned after Title VII, individuals should be treated identically under both. No citation of authority is provided to the Court. Plaintiff does not address the issue at all.

The New Mexico Supreme Court in Luboyeski v. Hill, 117 N.M. 380, 872 P.2d 353 (1994) has indicated that claims against individuals under the NMHRA are appropriate, provided administrative remedies have been exhausted as to those individuals. In Luboyeski, the Plaintiff sued

her employer, the Santa Fe Public School System and three individual defendants alleging sexual harassment. The individuals had not been named in Luboyeski's previously filed complaint before the New Mexico Human Rights Division. The New Mexico Supreme Court held that Plaintiff could not proceed against the individual defendant because she had not exhausted her administrative remedies as to them, not because individuals were improper parties to a claim for relief under the NMHRA:

> With respect to all counts in her complaint in the trial court, Luboyeski asserted that "the jurisdiction of this Court is invoked pursuant to §28-1-13, NMSA, 1978." However, individual defendants cannot be sued in district court under the Human Rights Act unless and until the complainant exhausts her administrative remedies against them. . . .Since Luboyeski has not gone through the administrative process that is prerequisite to suing the individual defendants under the Human Rights Act, we affirm the trial court's order dismissing those defendants.

Luboyeski, 117 N.M. at 382-383.

The different treatment of individuals under Title VII and the NMHRA is explained by differences in the two Acts. Title VII specifies the practices prohibited by that Act at 42 U.S.C.S. §2000e-2 and §2000e-3. These sections proscribe certain conduct by employers, employment agencies, labor organizations and training programs. The comparable NMHRA provision is found at N.M.Stat.Ann.§ 28-1-7 (A) (1996 Repl.). The NMHRA contains additional provisions, not found in Title VII, which define as unlawful practices by both employers and individuals:

> It is an unlawful discriminatory practice for:
>
> I.  any person or employer to:
>
>     (1) aid, abet, incite, compel or coerce the doing of any unlawful discriminatory practice or to attempt to do so;
>
>     (2) engage in any form of threats, reprisals or discrimination against any person who has opposed

> any unlawful discriminatory practice or has filed a complaint, testified or participated in any proceeding under the Human Rights Act. . . .

N.M.Stat.Ann.§28-1-7 (I) (1996 Repl.).

"Persons" are not synonymous with "employers." Under the NMHRA persons are defined as "one or more individuals." N.M.Stat.Ann.§ 28-1-2 (A) (1996 Repl.) Employers are defined as "any person employing four or more persons and any person acting for an employer." N.M.Stat.Ann. § 28-1-2 (B) (1996 Repl.).

Numerous states have enacted human rights acts which contain provisions similar to N.M.Stat.Ann. §28-1-7(I) (1996 Repl.). These provisions have been interpreted as permitting claims against individuals in their individual capacities. Tomka v. Seiler Corp., 66 F.3rd 1295, 1317 (2nd Cir. 1994) [construing the New York State Human Rights Law]; Dici v. Commonwealth of Pennsylvania, 91 F.3rd 542, 553 (3rd Cir. 1996) [construing the Pennsylvania Human Relations Act]; Appel v. Reser's Fine Foods, Inc., 939 F.Supp. 789, 793 (D.Ore. 1996) [applying Oregon law].

Based upon Luboyeski and the above cited authorities, I conclude that Plaintiff can state a cause of action against individual defendants in their individual capacities under the NMHRA.

The inquiry doesn't end here, however. This Court does not have before it the complaints which Plaintiff filed before the EEOC or the New Mexico Human Rights Commission. Plaintiff's Complaint does not specify whether the individual defendants were named in those administrative complaints, or if named, what conduct by each individual defendant formed the basis for the administrative complaints. Although Plaintiff may name individual defendants in a suit alleging violations under the NMHRA, the record, viewed in the light most favorable to the Plaintiff, will not

-6-

support a finding that Plaintiff has exhausted her administrative remedies as to claims against the individual defendants. Accordingly, Defendants' Motion seeking dismissal of the individual defendants from claims based on the NMHRA is granted without prejudice. Plaintiff may seek to file an amended complaint if and when she exhausts her administrative remedies with regard to claims made against the individual defendants.

C.  This Court Has Jurisdiction Over Plaintiff's Claims Brought Under the New Mexico Human Rights Act and New Mexico Tort Law.

The parties have used the terms "pendent" and "supplemental" to refer to exercise of jurisdiction by this Court over state law-based claims. There is no meaningful distinction between these terms. Sandlin v. Corporate Interiors, Inc., 972 F.2d 1212, 1215, fn. 2 (10th Cir. 1992). Federal Courts have pendent or supplemental jurisdiction over state law claims where there exists a substantial federal claim, and where the state and federal claims derive from a common nucleus of facts so that a plaintiff would be expected to try all claims in a single proceeding. United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966). A federal claim is substantial if it has sufficient substance to confer subject matter jurisdiction on the federal court. Jones v. Intermountain Power Project, 794 F.2d 546, 549 (10th Cir. 1986), quoting United Mine Workers v. Gibbs, 383 U.S. at 725. Subject matter jurisdiction will be found lacking only where the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Jones v. Intermountain Power Project, 794 F.2d at 549, quoting Bell v. Hood, 327 U.S. 678, 682-283, 66 S.Ct. 773, 776, 90 L.Ed.2d 939 (1946). The federal courts have the discretion to refuse to exercise pendent jurisdiction when the matters at issue involve novel and unsettled questions of state law, or where

a plaintiff seeks not to apply current state law, but to expand that law.  Roybal v. City of Albuquerque, 653 F.Supp. 102, 107-108 (D. N.M. 1986).

Defendants have not objected to the exercise of pendent jurisdiction on the above-mentioned grounds.  Rather, Defendants contend that as to Plaintiff's claim under the New Mexico Human Rights Act, the New Mexico Legislature has invested "exclusive" jurisdiction in the state courts, citing to N.M.Stat. Ann. §28-1-13 (C) (1996 Repl.), which states, "The jurisdiction of the district court is exclusive and its judgment is final, subject to further appeal to the supreme court."

As recently explained by District Judge James A. Parker in Vega v. Hill, Civ. No. 96-1164[5], the NMHRA conflicts with the Judicial Improvements Act of 1990, as codified in 28 U.S.C. §1367 (1992).  28 U.S.C.§1367 (1992) states:

> Except as provided in subsection (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution.

Plaintiff's claims under the NMHRA and state tort law claims arise out of the same facts and controversy at issue in her Title VII claim.  Because states may not abrogate a federal court's ability to exercise pendent jurisdiction, the exclusivity language of N.M.Stat. Ann. §28-1-13 (C) (1996 Repl.) which purports to limit the jurisdiction of the federal court is ineffective.  See Wojciechowski v. Harriman, 607 F. Supp. 631, 634-635 (D. N.M. 1995); See Thompkins v. Stuttgart School District #22, 787 F.2d 439, 442 (8th Cir. 1995); See Scott v. School District No. 6, 815 F. Supp. 424, 428 (D. Wyoming 1993).

---

[5]A copy of this opinion has been distributed to all counsel.

Sufficient grounds exist for the exercise of pendent or supplemental jurisdiction in this case. The Title VII claim, NMHRA claim and state tort claims derive from a common nucleus of operative facts and a substantial federal claim is at issue. Further, there is no contention made that the matters at issue involve novel and unsettled questions of state law, or that Plaintiff seeks to expand current law rather than simply to have that law applied to her case. Accordingly, Defendants' Motion to Dismiss Plaintiff's state law claims will be denied.

D.    Plaintiff's Claim That Her Job Was Abolished Due to Discrimination Based Upon Sex Is Reasonably Related to Her Prior Claims of Sexual Discrimination in the Workplace.

Defendants concede the Court has jurisdiction over Plaintiff's claim that her job was abolished in retaliation for having filed complaints with the EEOC and the New Mexico Human Rights Division. (Defendants' Reply Brief at 2). Jones v. Runyon, 91 F.3d 1398 (10th Cir. 1996), cert. denied ___ S.Ct. ___, 1996 WL 641141, 65 USLW 3354 (March 1997); Cf., Gandy v. Wal-Mart Stores, Inc., 117 N.M. 441, 444, 872 P.2d 859 (1994) (Failure to exhaust administrative remedies under NMHRA does not bar tort action for retaliatory discharge.). Defendants contend, however, that there is no subject matter jurisdiction over Plaintiff's claim that her job was abolished due to discrimination based upon sex, since Plaintiff has not exhausted administrative remedies related to that particular claim. Plaintiff concedes that she has not filed a new complaint with the EEOC or the New Mexico Human Rights Division alleging that her job was abolished as a result of sexual discrimination. [Plaintiff's Response, p. 3]. She contends, however, that the abolition of her job is a subsequent related claim which "relates back" to claims previously filed, and for which administrative remedies have been exhausted.

As indicated above, Plaintiff's claims against the individual defendants alleging violations of the NMHRA are dismissed without prejudice, until such time as Plaintiff has exhausted administrative remedies as to the individual defendants. The remainder of this opinion will address whether Plaintiff's claim that her job was abolished as a result of sexual discrimination may proceed against the Cooperative.

Exhaustion of administrative remedies is a jurisdictional prerequisite to a Title VII suit. Montoya v. Valencia County. 872 F.Supp. 904, 906 (D. N.M. 1994). Nonetheless, an employee may seek judicial relief for incidents not listed in her original charge to the EEOC when those incidents encompass any discrimination like or reasonably related to the allegations brought before the EEOC. The original charge brought at the administrative hearing level is to be examined in order to determine whether issues raised to district court are both new and unrelated to the charge for which administrative remedies have been exhausted. If the issue is new and unrelated to the original charge, the district court has no jurisdiction to hear that claim. Jones v. Runyon, 91 F.3rd at 1400[6]. Stated another way:

> "[A]cts committed pursuant to a pattern of discrimination challenged in an [Equal Employment Opportunity Commission] complaint, but occurring after its filing, [if] reasonably related to that complaint, . . . may be challenged in district court without filing another [Equal Opportunity Commission] complaint."

---

[6] In Runyon, the employee-plaintiff specifically abandoned at the administrative level, the claim that she had been personally subjected to harassment. She contended that she had been denied promotion because another employee who had submitted to sexual advances from their supervisor had been promoted over her. In her subsequent complaint filed in district court, she alleged that she had personally refused sexual overtures weeks prior to her promotion interview, and another woman who had not openly rebutted the sexual demands was promoted over her. The court held that she could not proceed with her claim that she was retaliated against on the basis of sex because she hadn't exhausted her administrative remedies.

Bolden v. PRC Inc., 43 F.3rd 545, 552-553 (10th Cir. 1995), cert denied, 116 S.Ct. 92, 133 L. Ed.2d 48 (1995), quoting Brown v. Hartshorne Pub. Schl. Dist. No. 1, 864 F.2d 680, 682 (10th Cir. 1988); Archuleta v. Colorado Dept. of Inst., 936 F.2d 483, 488 (10th Cir. 1991).

This Court does not have before it the complaints filed by Plaintiff with the EEOC or the New Mexico Human Rights Division. Plaintiff alleges that her original complaint filed with the EEOC and subsequent complaint to the EEOC and the New Mexico Human Rights Division asserted workplace discrimination based upon sex, and that she has exhausted her administrative remedies with regard to these complaints. (Complaint ¶¶ 7,8,10,11,12). For the purposes of this Motion to Dismiss, these allegations are accepted as true. Franklin v. Meredith, 386 F.2d at 959.

I find that the act of abolishing a job based upon sexual discrimination is reasonably related to the underlying claims Plaintiff presented to the EEOC and the New Mexico Human Right Division, and as to which administrative remedies have been exhausted. See Malave v. Bolger, 599 F. Supp. 221, 222 (D.Conn.1984) (Plaintiff sought to file seventh amended complaint, adding facts which alleged another instance of Defendant's discriminatory conduct based upon national origin and in retaliation for EEOC complaints, which occurred after the filing of her initial administrative complaints. Held: By filing initial administrative complaints as well as court complaints previous to the seventh amended complaint, plaintiff sufficiently complied with the exhaustion requirements of Title VII obviating the need for further exhaustion of administrative remedies over one additional incident of retaliatory conduct.). Accordingly, Defendant-Cooperative's Motion to Dismiss for failure to exhaust administrative remedies will be denied.

An Order in accordance with this Memorandum Opinion will issue.

Date at Albuquerque this ___ day of March, 1997.

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by Designation

-12-